UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

RON THOMAS LISANO,

               Plaintiff,

   v.

DEREK WALTERS, et al.,

               Defendants.

CASE NO. 2:25-cv-01858-RSM-DWC

ORDER DENYING PLAINTIFF'S MOTIONS

      Before the Court are Plaintiff Ron Lisano's Motion to Amend Complaint and Motion for Appointment of Counsel. Dkts. 10, 11. After considering these filings, the Motion to Amend Complaint and Motion for Appointment of Counsel are denied without prejudice.

**I.**    **Motion to Amend Complaint (Dkt. 10)**

      In his Motion to Amend Complaint, Plaintiff appears to request leave to add new claims and defendants to this case. Dkt. 10. While Plaintiff provided his Motion to Amend that includes the defendants and claims he would like to add, he did not file a proposed amended complaint and did not provide a sufficient explanation why leave to amend should be granted.

      Under Local Civil Rule ("LCR") 15, a party seeking leave to amend a pleading must "attach a copy of the proposed amended pleading as an exhibit to the motion[.]" The party must also "indicate on the proposed amended pleading how it differs from the pleading that it amends

ORDER DENYING PLAINTIFF'S MOTIONS - 1

by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added." While the Court provides *pro se* prisoners leniency with filings, Plaintiff must show why leave to amend should be granted and must provide a copy of a complete proposed amended complaint. The proposed amended complaint must contain all defendants and all grounds for relief Plaintiff seeks to pursue in this action. As Plaintiff has not complied with LCR 15, the Motion (Dkt. 10) is denied without prejudice.

## II. Motion for Appointment of Counsel (Dkt. 11)

In the Motion for Counsel, Plaintiff states that he requires counsel for the following reasons: (1) he cannot afford counsel; (2) this case is complex; (3) he is in segregation and cannot regularly access the law library; (4) he has tried to reach out to attorneys for representation; (5) he has limited knowledge of the law; and (6) he has been diagnosed with bipolar schizophrenia. Dkt. 11 at 4.

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp

of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff has not stated exceptional circumstances that warrant the appointment of counsel at this time. He has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff is able to articulate his requests in ways that the Court can understand, despite him not having a legal education and mental illness. And the inability to hire counsel because of indigency is insufficient to require the appointment of counsel. *See Baker v. Macomber*, No. 15-248, U.S. Dist. LEXIS 43470, at *1 (E.D. Cal. Mar. 12, 2020) (holding that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel"). Finally, while Plaintiff may be better off litigating this case with appointed counsel, that fact does not establish an extraordinary circumstance warranting the appointment of counsel. *See Rand*, 113 F.3d at 1525; *Wilborn*, 789 F.2d at 1331. Therefore, the Court finds Plaintiff has failed to show the appointment of counsel is appropriate at this time. Accordingly, Plaintiff's Motion for Counsel (Dkt. 11) is denied.

### III. Conclusion

For the reasons stated above, the Court denies Plaintiff's Motions (Dkts. 10, 11) without prejudice. The Clerk of Court is directed to send Plaintiff a copy of this Order and the appropriate forms for filing an amended complaint in a 42 U.S.C. § 1983 civil rights case.

Dated this 12th day of November, 2025.

David W. Christel
United States Magistrate Judge