UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RON THOMAS LISANO,

                    Plaintiff,

    v.

DEREK WALTERS, et al.,

                    Defendants.

CASE NO. 2:25-cv-01858-RSM-DWC

REPORT AND RECOMMENDATION

Noting Date: April 15, 2026

This prisoner civil rights action has been referred to United States Magistrate Judge David W. Christel. Before the Court is Plaintiff Ron Thomas Lisano's Motion to Withdraw Lawsuit and his Motion for Waiver of Filing Fee. Dkts. 20, 21.

Upon review, the undersigned recommends Plaintiff's Motion to Withdraw Lawsuit (Dkt. 20) be granted and this action be dismissed without prejudice under Rule 41(a)(2). However, because Plaintiff has applied and been approved to proceed *in forma pauperis* ("IFP"), it is further recommended his Motion for Waiver of Filing Fee (Dkt. 21) be denied.

## I.    BACKGROUND

On September 24, 2025, Plaintiff initiated this action by filing a prisoner civil rights complaint. Dkt. 1. The following day, the Clerk of Court advised Plaintiff that, before he could

REPORT AND RECOMMENDATION - 1

proceed with the action, he was required either to pay the filing fee or apply to proceed IFP. Dkt. 3.

On October 17, 2025, Plaintiff filed an IFP application. Dkt. 4. As part of that application, Plaintiff signed an acknowledgment stating:

> By choosing to bring a civil action, I acknowledge I am responsible for payment of the full $350.00 filing fee under 28 U.S.C. § 1915. I authorize the agency having custody of me to collect from my account and forward to the Clerk of the United States District Court the initial partial filing fee calculated under the certified and calculation section and payments pursuant to 28 U.S.C. § 1915(b).
>
> I understand I am required to make monthly payments of twenty (20) percent of my preceding month's income credited to my account, and the agency having custody of me will forward funds to the Clerk of the United States District Court each time the amount in the account exceeds ten dollars ($10.00) until the filing fee is paid in full.

Dkt. 4 at 3.

The Court granted Plaintiff's IFP application and directed service of his initial complaint on November 6, 2025. Dkt. 7. That same day, the Court received a motion from Plaintiff requesting leave to amend his complaint. Dkt. 10. On December 4, 2025, the Court granted Plaintiff's motion to amend and directed service of the amended complaint on Defendants Derek Walters, Myron Ayala, Karie Styles, Gary Noble, Mark Bergquist, Ron Myers, Ebum Ceesay, and Gorman (collectively "Defendants"). Dkt. 14. Defendants filed an answer to the amended complaint on February 2, 2026. Dkt. 18.

On March 2, 2026, Plaintiff filed a motion titled "Motion to Withdraw This Lawsuit with Conditions," requesting dismissal of the action and asking that "each party [pay] their own cost and attorney fees." Dkt. 20. Approximately one week later, Plaintiff filed a motion requesting that the Court waive collection of the filing fee given the early stage of the case and Plaintiff's desire to withdraw the lawsuit. Dkt. 21.

REPORT AND RECOMMENDATION - 2

The deadlines for Defendants to respond to Plaintiff's Motions have elapsed with no responses filed. *See docket.*

## II.    DISCUSSION

**A.    Motion to Withdraw Lawsuit (Dkt. 20)**

The procedures governing voluntary dismissals are set out in Rule 41(a) of the Federal Rules of Civil Procedure. Rule 41(a)(1) permits a plaintiff to dismiss an action without a court order by filing either "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment," or "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). If those conditions are not met, voluntary dismissal may occur only by court order, "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

The decision to issue an order granting voluntary dismissal lies within the district court's discretion. *Westlands Water District v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). In exercising that discretion, district courts must consider whether dismissal would result in plain legal prejudice to the defendant. *Westlands Water District*, 100 F.3d at 96–98; *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994).

Here, the requirements for voluntary dismissal without a court order under Rule 41(a)(1) are not satisfied. Plaintiff moved to withdraw this action after Defendants had already been served, and the motion does not include a stipulation of dismissal signed by Defendants. Nevertheless, voluntary dismissal is permitted via court order under Rule 41(a)(2). Plaintiff no longer wishes to pursue this action, and no Defendant has objected to the requested dismissal. Further, the Court finds that dismissal at this stage would not result in plain legal prejudice to any Defendant.

REPORT AND RECOMMENDATION - 3

Accordingly, the Court finds that voluntary dismissal is appropriate and recommends this action be dismissed without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

**B.      Motion for Refund of Filing Fee (Dkt. 21)**

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize the commencement of an action without the prepayment of fees by granting a prisoner-plaintiff's request for IFP status. When a prisoner is granted IFP status, they are permitted to proceed without paying the filing fee at the start of the action but are still required to pay the full amount of the filing fee over time. *See* 28 U.S.C. § 1915(b).

In this case, Plaintiff applied and was approved to proceed IFP. Dkts. 4, 7.  As a part of his IFP application, Plaintiff signed an Acknowledgement and Authorization form, which made clear that he is responsible for payment of the full filing fee under § 1915. Dkt. 4. Because Plaintiff has formally requested and been granted IFP status, he will remain responsible for the filing fee even if this action is dismissed. This means that the facility in which Plaintiff is confined will automatically remove funds from his inmate account when certain criteria are met and will forward those funds to the Court. *See* Dkt. 7 (directing the institution where Plaintiff is confined to calculate, collect, and forward payments).

Accordingly, the Court finds that, despite his request for voluntary dismissal, Plaintiff is not entitled to refund of the filing fee.

### III.  CONCLUSION

For the reasons addressed above, the undersigned recommends Plaintiff's Motion to Withdraw Lawsuit (Dkt. 20) be granted and this action be dismissed without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure. It is further recommended Plaintiff's Motion to Waive Collection of Filing Fee (Dkt. 21) be denied.

REPORT AND RECOMMENDATION - 4

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 15, 2026**.

Dated this 24th day of March, 2026.

_____
David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5